CHARLES J. HAASE *v.* CITY OF MEMPHIS *et al.*

(*Nashville.*   December Term, 1923.)

1. **EMINENT DOMAIN.**   Municipal corporations.   Statute authorizing city to establish building lines authorizes acquisition of property only through condemnation proceedings, and is valid.

   Priv. Acts 1921, chapter 163, authorizing the city of Memphis to establish building lines and providing that thereafter no buildings shall be erected, reconstructed, or repaired except up to not more than seventy-five per cent. of their value, and that all structures shall be required to conform to such lines within a period to be fixed in the ordinance, *held* to authorize the acquisition of property only by proceedings pursuant to general condemnation laws (Thompson-Shannon Code, section 1844 et. seq., and Acts 1907, chapter 341, section 16), which must be followed, and as so construed the statute is valid.   (*Post, p.* 236.)

2. **EMINENT DOMAIN.**   City held not entitled to deny building permit to owner within fixed building lines without taking and paying for property.

   Where the city of Memphis, pursuant to Private Acts 1921, chapter 163, authorizing it to establish building lines, passed an ordinance setting the time for completion of the improvement at ten years, it was required by section 3 to resort to condemnation proceedings under the general condemnation laws (Thompson-Shannon Code, section 1844 et seq., and Acts 1907, chapter 341, section 16) to acquire property left within the building lines at the end of the ten-year period, and was not entitled during the interim to deny a building permit to one whose building was within the fixed line, unless it took and paid for his property. (*Post, p.* 236.)

   Acts cited and construed:   Acts 1921, ch. 163;   Acts 1907, ch. 341, sec. 16.

Haase v. City of Memphis.

Cases cited and approved:  State Highway Dept. v. Mitchell's Heirs, 142 Tenn., 58;  Railroad v. Memphis, 126 Tenn., 267;  Anderson v. Turbeville, 46 Tenn., 150;  Memphis v. Hastings, 113 Tenn., 142.

Code cited and construed:  Sec. 1844 (T.-S.).

3. **EMINENT DOMAIN.** Dispossession of landowner held prerequisite to right to invoke statute.

Before a landowner can invoke Thompson-Shannon Code, sections 1865, 1866, authorizing inquest or suit for damages by owner of land taken for internal improvements, he must be dispossessed. (*Post, pp.* 236-240.)

Code cited and construed:  Secs. 1865, 1866, (T.-S.).

FROM SHELBY.

Error to the Circuit Court of Shelby County.—HON. H. W. LAUGHLIN, Judge.

CANADA & WILLIAMS, for plaintiff in error.

W. P. ARMSTRONG and E. B. KLEWER, for defendants in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

Chapter 163 of the Private Acts of 1921 authorized the city of Memphis to establish building lines on its streets, and provided the manner in which this should be accomplished, and in which damages and benefits might be determined and paid.  The procedure outlined was in

general similar to that employed in the betterment of streets through improvement districts, paying the expenses thereof by assessment.

Proceeding under authority of this statutue and under authority of chapter 341 of the Acts of 1907, which is an act providing for improvement districts for street betterments in Memphis, an ordinance was passed to establish building lines on Union avenue.

Union avenue is at present sixty-six feet wide, and the building lines are thirty-three feet from the center of the street. It is proposed by the ordinance to widen Union avenue to eighty feet, and fix the building lines at forty feet from the center of the street.

The plaintiff owns a lot on Union avenue, at present occupied by a building thirty-three feet from the center of the street. He has applied for a building permit to construct a new building upon the same location. The city has refused to issue the permit for a new building, except upon condition that the new building be set back forty feet from the center of the street.

This case is submitted upon an agreed stipulation of facts. The plaintiff contends that the ordinance and the statute authorizing it are unconstitutional, and seeks a mandamus to require the city authorities to issue him a building permit to construct a new building upon the same location as that of his present building.

The trial judge held that the ordinance and the statute were valid; that the ordinance in itself accomplished a taking of a seven-foot strip of plaintiff's land, and that the plaintiff was entitled to recover damages as for property condemned. The application for the writ of manda-

mus was accordingly denied, and the plaintiff has appealed in error to this court.

Chapter 163 of the Private Acts of 1921 provided that after building lines were fixed by ordinance no new buildings should be erected, and no existing buildings reconstructed or repaired to the extent of more than seventy five per cent. of its value, within said lines so fixed. It was further provided that all structures within such lines should be required to conform thereto within a period of no more than twenty-five years, such time to be fixed in the ordinance. The ordinance in controversy set the time for completion of the improvement at ten years.

We do not think the statute and ordinance are unconstitutional, but we are not able to agree with the construction put upon them by the trial judge.

It is doubtless true that an act of the legislature may be so framed as in itself to amount to an appropriation and taking of property for the use of the State or one of the State's municipal agencies, if such an act provides for compensation to be ascertained and paid to the property owner. Likewise the legislature might empower a municipality to enact an ordinance of this character. *State Highway Department* v. *Mitchell's Heirs,* 142 Tenn., 58, 216 S. W., 336; *Railroad* v. *Memphis,* 126 Tenn., 267, 148 S. W., 662, 41 L. R. A. (N. S.), 828, Ann. Cas., 1913E, 153; *Anderson* v. *Turbeville,* 46 Tenn. (6 Cold.), 150.

Chapter 163 of the Private Acts of 1921, however, was not so framed, nor did it authorize an ordinance which *ex propria vigore* would accomplish a taking of property.

Section 2 of the act of 1921 provided that: "Such building lines shall be established by the same procedure as

that now, or when may hereafter be provided by law in such city, town or municipality, for the acquiring of land for the opening, widening, or improving of streets."

Section 3 of the act of 1921, provided that: "At the expiration of the time limit in which such structures are so required to conform to the new building line or lines so established, the proper municipal authorities shall proceed in the manner then provided by law, relating to condemnation proceedings by such municipalities, to determine the damages sustained by the removal of such structures then within the building line or lines, and may in the same proceedings acquire the land within the building lines, or any part thereof, as a street, conformable to the laws then existing and as to eminent domain and condemnation proceedings."

It seems plain, therefore, that while by ordinance the city may designate the building lines, it cannot acquire for street purposes the property of the landowners, except by proceeding as the law requires in other condemnation cases. The ordinance here fixed the building lines. It selected the property to be taken, but did not effect the taking.

The city was required by section 3 to resort to condemnation proceedings to acquire property left within the building lines at the end of the ten-year period. It was not intended to authorize the acquisition of property for street purposes during the interim in any different manner as is apparent from the language quoted from section 2 of the act of 1921.

The city of Memphis by its charter may acquire land for municipal purposes under the general statutes relat-

ing to eminent domain; Thompson's-Shannon's Code, section 1844 et seq. *Memphis* v. *Hastings,* 113 Tenn., 142, 86 S. W., 609.' Likewise the statute providing for improvement districts for the betterment of streets in Memphis, chapter 341 of the Acts of 1907, section 16, indicates that the same method is to be followed. Our attention is called to no statute enlarging the powers of the city in this respect.

We think any other construction of the ordinance or of the act of 1921 would make them unconstitutional, for the only provision for compensation to the property owner is the reference in the statute to the general condemnation laws, which must be followed. The city is not entitled to deny the building permit to the plaintiff, unless it takes and pays for his property. The building permit desired might have been temporarily refused, but this refusal should have been followed promptly by proceedings to condemn the seven-foot strip. If the city does not intend to appropriate the strip now, it should issue the permit.

The judgment below must accordingly be modified. The cause will be remanded. If within thirty days from the filing of the procedendo of this court in the lower court the city institutes proceedings to condemn the seven-foot strip, the writ of mandamus sought by the plaintiff will be denied. Otherwise the writ will be awarded.

Sections 1865 and 1866 of Thompson's Shannon's Code have no application in this case. The city has not entered upon this strip of land and occupied it. The landowner must be dispossessed before he can invoke these sections of the Code.

Tax costs to the city of Memphis.