H. E. BEADLE, *et al. v.* THE TOWN OF CROSSVILLE, *et al.**

*(Knoxville.* September Term, 1927.)

Opinion filed July 2, 1928.

### 1. MUNICIPAL CORPORATIONS. STREETS. RIGHT TO CLOSE.

Where a street has been dedicated, but the street has not been improved or used, the town, a municipal corporation, has power, by ordinance, to direct it closed regardless of whether the street has been accepted by the town. (Post, p. 250.)

Citing: State v. Taylor, 107 Tenn. (23 Pick.), 455.

### 2. MUNICIPAL CORPORATIONS. WATERWORKS. INTERNAL IMPROVEMENTS. POWER OF EMINENT DOMAIN.

A municipal corporation which is authorized to operate a system of waterworks for the benefit of its citizens and to issue bonds for the undertaking by its charter or subsequent acts of the Legislature, is a corporation under our eminent domain statutes and is empowered to take land necessary and suitable upon which to locate a standpipe. (Post, p. 251.)

Citing: Thompson's-Shannon's Code, sec. 1844; Acts 1885, ch. 162, sec. 2499, et seq.; Acts 1883, ch. 162; Knox County v. Kennedy, 92 Tenn. (8 Pickle), 1; Memphis v. Hastings, 113 Tenn. (5 Cates), 142; Railroad v. Memphis, 126 Tenn. (18 Cates), 267; Haase v. City of Memphis, 149 Tenn. (22 Thomp.), 235; City of Chattanooga v. State of Georgia, 151 Tenn. (24 Thomp.), 691.

### 3. STREETS. ABUTTING PROPERTY OWNERS. EMINENT DOMAIN. DAMAGES. INJUNCTION.

Where a street has been dedicated, and legally closed by ordinance of a municipal corporation; the land reverted to the abutting property owners, and the abutting property owners filed a bill

seeking to enjoin the erection of a standpipe by a municipal corporation on said street, the only remedy of the abutting property owners is to recover damages and the Chancellor properly refused an injunction. (Post, p. 253.)

### FROM CUMBERLAND.

Appeal from the Chancery Court of Cumberland County.—HON. W. R. OFFICER, Chancellor.

C. E. KEYER, for petitioners.

GEO. P. BURNETT and HAMBY & TOLLETT, for defendants.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

*(1)* The complainants, Beadle and Rhea, own lots abutting on First Street in the Anderson and Beadle addition to the Town of Crossville. Complainant Comstock owns a lot in this immediate vicinity which, however, does not abut on said Street. There was undoubtedly a dedication of First Street by Anderson and Beadle but whether there was an acceptance of said Street by the Town is not so clear on the record. At any rate, the Street has not been improved nor used according to the record before us, and the property of all the complainants moreover abuts on other Streets.

This locality is elevated and the Town of Crossville is proceeding to erect a standpipe or reservoir on First Street for its waterworks system. By ordinance the

Town directed that First Street be closed which it had a right to do. *State* v. *Taylor*, 107 Tenn., 455.

Complainants filed a bill and later an amended bill setting out some additional facts by which they sought to enjoin the erection of said standpipe at the place proposed. The theory of Beadle and Rhea is that when First Street was closed the title to the land reverted to them as owners of abutting property, and that the Town of Crossville is without power to take this property for the purpose above indicated. It is not apparent upon what theory complainant Comstock proceeds, unless it be that the erection of a standpipe so close to his property is a nuisance, which of course it is not.

The Chancellor dissolved the temporary injunction issued upon application of complainants but retained their bill in Court to permit them to prove and recover any damages they might sustain by reason of the taking of any property they might own. The bill was not dismissed and complainants have presented an application for the writs of *certiorari* and *supersedeas* to review the action of the Chancellor.

(2) If the Town of Crossville is empowered to take land for the purpose of erecting a standpipe, then the only redress the complainants may have is to recover damages for any land of theirs that is so taken. The propriety of the Chancellor's action and the right of complainants Beadle and Rhea to an injunction depends, therefore, upon the authority of the Town of Crossville to exercise the right of eminent domain in the premises.

We think the Town has this right. It was authorized to operate a system of waterworks for the benefit of its citizens and to issue bonds for the undertaking of said enterprise by its charter and subsequent Acts of the

Legislature. Having such authority, the Town under the general statutes of eminent domain is empowered to take land necessary and suitable upon which to locate a standpipe.

Section 1844, Thompson's-Shannon's Code, is as follows:

"Any person or corporation authorized by law to construct any railroad, turnpike, canal, toll bridge, road, causeway or other work of internal improvement to which the like privileges is conceded, may take the real estate of individuals, not exceeding the amount prescribed by law, or by the charter under which the person or corporation acts, in the manner and upon the terms herein provided."

Chapter 115 of the Acts of 1885, carried into Thompson's-Shannon's Code at Section 2499, et seq., provides for the incorporation of water companies and confers upon such companies the right "to condemn and take such lands as may be necessary for the establishment of their reservoir and works and the right of way through all lands between their reservoir and the said city or town, etc., etc."

The construction of waterworks with a necessary reservoir to supply a town or city is, therefore, a "work of internal improvement to which the like privileges is conceded," under Section 1844, Thompson's-Shannon's Code, just as the construction of a railroad, turnpike and other public improvements named.

The Town of Crossville, a municipal corporation, having been authorized to construct a waterworks system for the benefit of its inhabitants, is a "corporation authorized by law to construct" a public improvement for which land may be taken.

This identical question was decided by the Court in *Knox County* v. *Kennedy,* 92 Tenn., 1, where it was held that after Chapter 167 of the Acts of 1883, authorizing the counties of the State to construct turnpikes they became corporations "authorized by law to construct" turnpikes under Section 1844, Thompson's-Shannon's Code, and were entitled to exercise the power of eminent domain. Other cases in accord are *Memphis* v. *Hastings,* 113 Tenn., 142; *Railroad* v. *Memphis,* 126 Tenn., 267; *Haase* v. *City of Memphis,* 149 Tenn., 235; *City of Chattanooga* v. *State of Georgia,* 151 Tenn., 691.

*(3)* Entertaining the view of the law indicated, we think the Chancellor properly refused complainants an injunction and their only remedy is to recover damages for their land taken.

It follows that the applications for the writs of *certiorari* and *supersedeas* must be denied.