TATE L. ERNEST *v.* THE STATE.

(*Knoxville,* September Term, 1930.)

Opinion filed March 16, 1931.

J. H. HODGES and J. ARTHUR ATCHLEY, for plaintiff in error.

RUFUS N. HICKEY, III, Special Counsel for the State, and W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error Ernest was convicted of a violation of chapter 162 of the Acts of 1919, fined $20, and has appealed in error to this court.

Ernest is the vice-president of the Lane Drug Stores, a concern operating a number of such stores in the City of Knoxville. One of these stores was located at the corner of Magnolia and Milligan Avenues. One W. C. Miller, a regularly licensed pharmacist, was employed as manager of this particular store. During the forenoons, it was not the custom of Miller to remain in the store all the time. He lived near-by and customarily was

present at the store all of each afternoon and until late each night.

During Miller's absence from the store in the forenoons, other employes, not licensed pharmacists, were present there and the store was open. These other employees did not undertake to fill prescriptions nor did they undertake to sell those drugs, poisons or chemicals, the sale of which was prohibited by chapter 162 of the Acts of 1919, except under the supervision of a licensed pharmacist.

It is the contention of the State that, under the Act of 1919, it is unlawful to keep any drug store, carrying in stock the aforesaid drugs, chemicals and poisons, open for business, without the presence of a licensed pharmacist. The trial judge took this view of the statute and a conviction was accordingly had.

While the construction of the statute is not free from difficulty, we are of opinion that the interpretation put upon it by the State is erroneous.

Relevant sections of the statute are as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That from and after the passage of this Act it shall be unlawful for any person, not a registered pharmacist within the meaning of this Act, to open or conduct any pharmacy, or any retail drug or chemical store as the proprietor thereof, unless he shall have in his employ and place in charge of such pharmacy, retail drug or chemical store a registered pharmacist within the meaning of this Act, who shall have the supervision of that part of the business requiring a pharmaceutical skill and knowledge, or to engage in the occupation of compounding or dispensing medicines or prescriptions of physicians, dentists or veterinarians,

or for selling at retail for medical purposes any drugs, chemicals, poisons, or pharmaceutical preparations within this State until he has complied with the provisions of this Act; *provided,* that nothing in this Section shall apply to or in any manner interfere with the business of any physician, dentist, or veterinarian, or prevent him supplying to his patients such as may seem to him proper, or with the selling by any store of copperas, camphor, borax, blue stone, saltpeter, brimstone, licorice, sage, quinine, Juniper berries, Senna leaves, castor oil, spirits of turpentine, sweet oil, glycerine, glauber salts, Epsom salts, cream of tarter, bicarbonate of sodium and of such domestic remedies as essence of peppermint, essence of cinnamon, hive syrup, syrup of epicac, tincture of arnica, syrup of tolu, syrup of squills, spirits of camphor, number six, sweet spirits of niter, compound cathartic pills and other similar preparations when compounded by a regular pharmacist and put up in boxes and bottles bearing the label of such pharmacist or wholesale druggist, with the name of the article and the directions for its use on each box or bottle.

"Sec. 19. Any person owning a pharmacy, retail drug or chemical store, who in violation of Section 1 of this Act, leaves the same in charge of, or causes or permits the same to be conducted by a person not a registered pharmacist, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than twenty ($20) dollars or more than one hundred ($100) dollars, and that each week he shall cause or permit such pharmacy, retail drug or chemical store to be so conducted shall constitute a separate and distinct offense, and shall render him subject to a separate prosecution therefor. All fines assessed for the violation of any

of the provisions of this Act shall be placed in the hands of the Secretary and Treasurer of the Board of Pharmacy to meet the necessary and legitimate expenses of said Board of Pharmacy, provided, that nothing in this Section shall be construed to in any way affect the right of any person to bring a civil action against any person referred to in this Act, or for any Act or Acts for which a civil action may now be brought."

It will be observed that section 1 makes it unlawful for any person not a registered pharmacist to "open or conduct" a drug store, unless a registered pharmacist is placed in charge thereof "who shall have the supervision of that part of the business requiring a pharmaceutical skill and knowledge." Indicating what part of a drug store's business the lawmakers deemed to require the supervision of a registered pharmacist, section 1, continuing, made it unlawful for any person not a registered pharmacist "to engage in the occupation of compounding or dispensing medicines or prescriptions of physicians, dentists, or veterinarians, or for selling at retail for medical purposes any drugs, chemicals, poisons or pharmaceutical preparations within this State until he has complied with the provisions of this Act."

Fairly construed, we do not think the Act makes it unlawful to open or conduct a drug store, without a registered pharmacist in charge, so long as no business is transacted there which requires the supervision of a person of pharmaceutical knowledge and skill, that is to say so long as no prescriptions are filled and no drugs, chemicals, poisons or pharmaceutical preparations are sold except those mentioned in the proviso concluding section 1. Such interpretation is confirmed by this proviso that "nothing in this section shall apply to or in any

manner interfere . . . with the selling by any store of copperas, camphor, borax, etc., etc.'' *Any store* necessarily includes a drug store.

 Section 19 of the Act, prescribing the penalty, is limited by section 1. Section 19 visits its penalty upon any person owning a pharmacy, retail, drug or chemical store, ''who in violation of section 1'' leaves the same in charge of or permits the same to be conducted by a person not a registered pharmacist. If the store is not kept open in violation of section 1, no offense is committed under section 19.

In *State* v. *Foutch,* 155 Tenn., 476, the authorities upon which that case rested pointed out that the legislature had to deal with the regulation of the sale of drugs as a practical question and to take into consideration the convenience of the public. The question being how far it was practicable to protect the public from the sale of impure or dangerous medicines and drugs and at the same time have due regard to the convenience of particular communities.

In a suburban neighborhood, where there is not a great volume of business, the receipts of a drug store would generally not justify the employment of two registered prescriptionists. The hours of a druggist are too long to permit one prescriptionist to remain on duty during the whole time such a store is kept open. We do not think it was the intention of the legislature to deprive such communities of the convenience of an open drug store for the sale of harmless or authorized goods, merely because such a drug store was not at all hours manned or equipped to fill prescriptions and dispense all drugs.

Such being our construction of chapter 162 of the Acts of 1919, it results that the judgment below is reversed.