34980, 35097. WRIGHT CONTRACTING COMPANY, INC. *v.* DAVIS; and *vice versa.*

DECIDED JUNE 30, 1954—REHEARING DENIED JULY 27, 1954.

*Peacock, Perry & Kelley, Hatcher, Smith & Stubbs,* for plaintiff in error.

*Farkas, Landau & Davis,* contra.

QUILLIAN, J. This is a tort action, in which Mrs. Davis seeks to recover damages on account of the death of her husband, which she contends was proximately caused by the defendant's negligence. The evidence proved the fact of the death of her husband resulting from his automobile going off the paved portion of the highway onto the shoulder of the right side of the

highway and then apparently going out of control across the highway against a telephone post on the left side of the road. The evidence was also sufficient to make an issue for the jury as to whether the defendant was negligent in one or more of the ways alleged in the petition. But all the evidence did was no more than to show the death of the plaintiff's husband in the manner above related, and that the road was in a hazardous condition which *could* have caused Mr. Davis's automobile to run onto the shoulder of the road with the consequence that he lost control of it. There the evidence stops. It does not prima facie show that any of the conditions created by what the plaintiff contends was . negligence on the defendant's part caused Mr. Davis's car to leave the road and the resulting fatal injuries to him. This element of proof in a case of the nature now being considered is necessary in order to entitle the plaintiff to recover. Mere proof that the plaintiff sustained the damage by reason of the tragic and most regrettable death of her husband and evidence of negligence on the part of the defendant without more do not render the defendant liable. *Whitaker* v. *Jones, Mc-Dougald &c. Co.,* 69 *Ga. App.* 711 (26 S. E. 2d 545); *Peggy Ann of Ga.* v. *Scoggins,* 86 *Ga. App.* 109 (71 S. E. 2d 89); *Central R. Co.* v. *Freeman,* 75 *Ga.* 331. This rule is well stated in the case of *Stapleton* v. *Stapleton,* 87 *Ga. App.* 417 (74 S. E. 2d 116).

If the fact that the automobile of the plaintiff's husband did go off the road can, of itself, be considered as a circumstance that the defendant's negligence was a contributing cause to its having done so, certain it is that this evidence would point indifferently to that conclusion, the inference that it resulted from his own negligence, or from pure accident. . *Federal Reserve Bank of Atlanta* v. *Haynie,* 46 *Ga. App.* 522 (1) (168 S. E. 112); *Armour & Co.* v. *Gulley,* 61 *Ga. App.* 414 (6 S. E. 2d 165).

This case is not to be confused with those in which there was some evidence that the plaintiff's injuries were proximately caused by the defendant's negligence, though the exact manner in which the plaintiff sustained damage cannot be ascertained; nor is this case to be held as a holding contrary to those pronouncing the solid principle that the very nature of the event in some instances shows that the negligence of the defendant was

the proximate cause of the casualty suffered by the plaintiff. However, this is not one of those cases.

For the reason that the evidence demanded a verdict for the defendant, and that no evidence excluded could have supplied the essential element of proof that is lacking, none of the grounds of the motion for new trial shows harmful error, and all questions raised by the exception to the overruling of the demurrers as complained of in case No. 34980 are moot and need not be passed upon.

*Judgment affirmed in case No. 35097. Writ of error dismissed in case No. 34980. Felton, C. J., and Nichols, J., concur.*