61733. JONES et al. v. RAY.

BIRDSONG, Judge.

The parents of Stephen Jones, who died as the result of an automobile collision with a Georgia State Highway Patrol vehicle, appeal the jury verdict and judgment for defendant, Georgia State Trooper Ray. *Held:*

1. Appellants cite the general grounds and contend the verdict was the result of bias and prejudice on the part of the jury. We do not agree. The evidence showed that when the collision with Stephen Jones' vehicle occurred shortly after 11:00 p. m., Trooper Ray was

enroute (as the first emergency vehicle on the scene) to the scene of a head-on collision. The evidence was overwhelming that the blue lights and siren of Trooper Ray's vehicle were in operation. The jury was authorized to conclude that Trooper Ray was traveling in excess of 90 m. p. h.; that a few miles outside of Cochran on a straight stretch of road where he had clear visibility for nearly a mile, he approached Stephen Jones' vehicle which was heading in the same direction. Stephen Jones, with three friends, was driving approximately 45 m. p. h. As Ray approached the vehicle, the Jones vehicle swerved slightly to the right and Trooper Ray thought the driver was moving off the road to give him the right of way. Instead, without warning and without showing a left turn signal, Stephen Jones turned his car to the left into a driveway. Trooper Ray applied the brakes and attempted to swerve away but instead struck the left side of Stephen Jones' car. The appellee Trooper Ray defended by saying that at the time of the collision he was properly operating an authorized emergency vehicle (see Code Ann. § 68A-107) and that the direct and proximate cause of the accident was Stephen Jones' own negligence. The evidence authorizes the jury to so conclude. On appeal, we do not weigh evidence for that is the province of the jury; the presumption on appeal is in favor of the verdict. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131). We look only to see whether the evidence supports the verdict. Those of the jury who had seen newspaper accounts of the accident affirmed that their verdicts were not affected. The jury has not been impeached; and the evidence being entirely congruent with the verdict, we have no reason to conclude their verdict was infected with bias or prejudice.

2. The failure to qualify the jurors as to any association with defendant's insurer, even if error, was harmless, since appellant cannot show that any juror had such association as their qualification following the verdict proves.

3. The appellant complains of the introduction of two liquor bottles, photographs of the bottles and testimony concerning the same. This evidence shows that two uncapped liquor bottles were found at the scene of the accident. There was no relevant theory upon which this evidence should have been admitted. There was no evidence that Stephen Jones was intoxicated or was even drinking alcohol. His blood alcohol test results, which were .00, showed conclusively that he was not intoxicated. This evidence of the liquor bottles was therefore, at the very least, irrelevant. It was not admissible as part of the res gestae because it did not "serve to illustrate the character" of the main incident. *Townsend v. State,* 127 Ga. App. 797, 803 (195 SE2d 474). Because the evidence proved nothing, the trial court should have excluded it because of its

potentially prejudicial nature. Nevertheless, we find no reversible error. The trial court in its charge referred to the admission of the liquor bottles but then said: "However, the evidence in this case does not in any way support a conclusion that the plaintiffs' son was under the influence of any form of intoxicants at the time of the [accident], and you should give no consideration to any such theory or suggestion." We find no grounds to imagine that the jury ignored this strong admonition. Appellants' case was not fatally prejudiced by the illegal and suggestive evidence since the uncontradicted evidence overwhelmingly and conclusively shows their son was not intoxicated and because the jury was specifically charged that Stephen Jones was not intoxicated and told to ignore any evidence implying the contrary. Moreover, the evidence that Trooper Ray had engaged both flashing blue lights and siren and that instead of yielding the right of way Stephen Jones turned his vehicle left across the road, is overwhelming, so that the verdict in Trooper Ray's favor is supported by the evidence without regard to whether young Jones was or was not intoxicated. See *Thigpen v. Batts,* 199 Ga. 161 (33 SE2d 424).

4. Finally, appellants urge that it was error to permit an accident reconstruction expert to testify because he did not visit the scene until several months after the accident, because he relied in part on accident reports, his observations were based on hearsay and not upon his personal first-hand knowledge, and the opinions he gave were not in response to a direct hypothetical question. We held in *Finley v. Franklin Aluminum Co.,* 132 Ga. App. 70, 72 (207 SE2d 543): " 'When an expert testifies to his opinion based upon facts which he has observed it is not necessary that the question propounded be stated hypothetically. . . .' " In *American Home Assurance Co. v. Stephens,* 121 Ga. App. 306, 307 (174 SE2d 186), we held that where an expert bases his opinion on facts within the bounds of evidence, as in the case sub judice, the testimony is admissible notwithstanding the fact that the expert never went to the scene at all (a factor not true in this case) and based his opinion on examination of photographs. "When an expert's testimony is based on hearsay, the lack of personal knowledge on the part of the expert does not mandate the exclusion of the opinion but, rather, presents a jury question as to the weight which should be assigned the opinion. The evidence should go to the jury for whatever it's worth." *King v. Browning,* 246 Ga. 46, 47-48 (268 SE2d 653). In *Massee v. State Farm Mut. Auto. Ins. Co.,* 128 Ga. App. 439, 445 (197 SE2d 459), we said, "If it be developed by further examination that the opinion is based on inadequate knowledge, this goes to the credibility of the witness rather than to the admissibility of the evidence." Moreover, the trial court specifically charged the jury "you should not consider any

[expert] opinion at all unless the facts upon which it is based are found by you to be true."

We find no reversible errors in the case.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED SEPTEMBER 29, 1981 —

William T. Elsey, Thomas W. Bennett, *for appellants.*
Tom W. Daniel, *for appellee.*