A98A2291. J. B. HUNT TRANSPORT, INC. et al. v. BROWN.
(512 SE2d 34)

POPE, Presiding Judge.

Defendants/appellants J. B. Hunt Transport, Inc. and Kenny M. Kitchens appeal the trial court's order denying their motion for new trial in this personal injury, truck accident case. The defendants contend the trial court should have granted a new trial because the court erred in admitting an accident reconstructionist's expert testimony and a computerized animated video illustrating the expert's opinions and erred in refusing to give certain requested jury charges. The defendants also argue that the damages awarded plaintiff/appellee Jimmy S. Brown were excessive and contrary to the evidence. We disagree and affirm.

1. In their first two enumerations of error, the defendants contend the trial court erred in admitting the opinion testimony of the plaintiff's accident reconstruction expert and a videotape containing computerized animation illustrating the expert's opinion of how the accident occurred.

(a) The defendants contend the expert's opinion testimony should have been excluded because it lacked a sufficient factual basis. Specifically, defendants complain that the expert's opinion was "rendered irrelevant" because (1) he testified it was possible for the accident to have happened in ways other than expressed in his opinion, (2) that he could not testify with scientific certainty that the accident happened the way he opined, (3) that he did not go to the accident scene, inspect the wrecked vehicles, or interview the drivers, (4) that he did not know how long or how fast the parties had been driving prior to the impact, (5) he did not take into account the weather conditions, and (6) he did not know when the plaintiff first became aware of defendants' vehicle. All of these factors go to the weight and not to the admissibility of the opinion.

OCGA § 24-9-67 provides that "[t]he opinions of experts on any question of science, skill, trade, or like questions shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." An expert does not have to view the scene of an accident or interview witnesses to obtain knowledge of the facts. See, e.g., *Jones v. Ray*, 159 Ga. App. 734, 736 (285 SE2d 42) (1981). Rather, the facts upon which the expert's opinion is based may be proved by other witnesses or by any other legal means. *Loper v. Drury*, 211 Ga. App. 478, 481 (1) (b) (440 SE2d 32) (1993); *Nat. Trailer Convoy v. Sutton*, 136 Ga. App. 760, 765-766 (222 SE2d 98) (1975). In this case, the expert testified that his opinion was based upon the plaintiff's deposition testimony, the investigating police officer's report, diagrams of the accident scene drafted by the plaintiff, photographs of the plaintiff's vehicle, and information regarding

the speed of the plaintiff's truck from its governor. If upon cross-examination it appeared the opinion was based upon inadequate knowledge, this "does not mandate the exclusion of the opinion but, rather, presents a jury question as to the weight which should be assigned the opinion." (Punctuation omitted.) *Jones v. Ray*, 159 Ga. App. at 736 (4).

Finally, an expert is not required to prove within a reasonable degree of scientific certainty his opinion of how an accident occurred. With respect to a particular scientific procedure or technique, the trial court makes a determination " 'whether the procedure or technique in question has reached a scientific stage of verifiable certainty,' based upon evidence, expert testimony, treatises, or the rationale of cases in other jurisdictions. *Harper v. State*, 249 Ga. 519, 525 (1) (292 SE2d 389) (1982). . . . However, [defendants do] not challenge a particular scientific test or technique employed by [plaintiff's] experts; [defendants challenge] the conclusions drawn by those experts from testimony and evidence in the record. This determination is for the jury. . . ." (Citation omitted.) *Orkin Exterminating Co. v. McIntosh*, 215 Ga. App. 587, 593 (4) (452 SE2d 159) (1994). The trial court did not err in admitting the opinion testimony of plaintiff's expert.

(b) The defendants also contend the court should not have let the jury see a videotape containing computerized animation illustrating the expert's opinion of how the accident happened because the plaintiff failed to show the animation fairly and accurately represented the way the accident actually occurred. The videotape was not admitted as substantive evidence. It was used solely to illustrate the expert's opinion of how the accident occurred.

We have long held that various materials — photographs, drawings, blackboards, diagrams, charts, and models — may be used as a means of "pictorial communication" during a trial to illustrate a witness's testimony. *Long v. Serritt*, 102 Ga. App. 550, 551 (1) (117 SE2d 216) (1960). When the materials are not introduced into evidence but are used solely to illustrate the testimony of a witness, minimal authentication is generally required. Id.; *Vaughn v. State*, 173 Ga. App. 716, 718 (6) (327 SE2d 747) (1985) (diagram not to scale); Agnor's Ga. Evid., § 15-1, pp. 451-452 (3rd ed.). This is because the illustrative material has no probative value in itself; rather it derives its authenticity from the testimony of the witness. *Long v. Serritt*, 102 Ga. App. at 551 (1). The Supreme Court of Georgia recently reiterated that point: "[C]ertain materials may be used as tools to illustrate testimony without being admitted [into] evidence, but not where the illustrative material contains erroneous or prejudicial matter unauthenticated by the *testimony* which it purports to illustrate." (Emphasis supplied.) *Pickren v. State*, 269 Ga. 453, 455 (2)

(500 SE2d 566) (1998). In this case, the expert's video did accurately illustrate his testimony and that is sufficient.

We decline to apply the evidentiary rule applicable to video re-enactments: "[T]he party seeking to use it must show that is a [true] and accurate representation of the events sought to be depicted." *Pickren*, 269 Ga. 455 (2). The tape at issue here does *not* contain a video re-enactment of the accident. The computerized animation is much more akin to a witness's use of models than it is to a motion picture attempting to re-create real events. Consequently, there is minimal risk that the video would become an "extra witness" against the defendants. See id. As Professor McCormick explained: "Models, maps, sketches, and diagrams (as distinguished from duplicates) are by their nature generally not confusable with real evidence, and are admissible simply on the basis of testimony that they are substantially accurate representations of what the witness is endeavoring to describe. Some discretionary control in the trial court is generally deemed appropriate, however, since exhibits of this kind, due to inaccuracies, variations of scale, etc., may on occasion be more misleading than helpful. Nevertheless, when the trial court has exercised its discretion to admit, it will only rarely be found in error, at least if potentially misleading inaccuracies have been pointed out by witnesses for the proponent, or could have been exposed upon cross-examination." (Footnotes omitted.) 2 McCormick on Evidence, § 213, pp. 12-13. In this case, because the videotape contained computerized, animated models which accurately illustrated the expert's opinion of how events transpired, and because any inaccuracies in the animation could be brought out upon cross-examination of the expert, we hold that the trial court did not abuse its discretion in allowing the tape to be played to illustrate the expert's testimony. *Long v. Serritt*, 102 Ga. App. 551 (1).

2. In their third enumeration of error, the defendants contend the trial court erred by reading portions of the complaint and answer to the jury at the beginning of the final jury charge. The court began its charge by reading the style of the case. Then, after briefly reciting the contentions contained in the parties' pleadings, the court stated: "I do want to caution you that the pleadings are not evidence. They are only the claims or the contentions of the parties." This instruction substantially tracked the "Pleadings" charge contained within the Suggested Pattern Jury Instructions, Vol. I: Civil Cases (2nd ed.), p. 10 (1991).

Although the complaint was drafted in more descriptive terms than the answer, we do not believe this rendered the court's charge argumentative. "The charge of the court must be viewed as a whole. If, taken as a whole, the charge of the court covers the issues presented fairly and accurately, no error will be presumed from min-

ute inspection of individual words or phrases. After reviewing the charge given by the court, we find that the whole charge covered fairly all issues and contentions of both sides." (Citations omitted.) *Kroger Co. v. Green*, 190 Ga. App. 318, 319 (3) (378 SE2d 905) (1989). Further, we find nothing inherently wrong with reading the parties' contentions directly from the pleadings. See *Smith v. Doe*, 176 Ga. App. 711 (1) (337 SE2d 367) (1985). Had the defendants wished the parties' contentions couched in terms different from those contained in the pleadings, they could have made such a request.

3. In their seventh enumeration of error, the defendants contend the trial court erred in denying their motion for new trial because the amount of damages awarded was excessive and contrary to the evidence. "The question of damages is ordinarily for the jury; and the court should not interfere with the jury's verdict unless the damages awarded are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case. OCGA § 51-12-12. The general rule on appeal of an award of damages is that a jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors. Even though the evidence is such as to authorize a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to shock the conscience." (Citations and punctuation omitted.) *Sykes v. Sin*, 229 Ga. App. 155, 159 (4) (493 SE2d 571) (1997).

After reviewing the record, we find that the award of $155,000 to plaintiff was not excessive. Plaintiff presented evidence showing $20,000 in special medical expenses and six and a half months of lost wages. In the accident, plaintiff's face, neck, chest, knee, and leg were cut. His leg was broken, and his knee was damaged. Glass was imbedded in his neck. Plaintiff's injuries required plastic and arthoscopic surgery and left significant scars. Plaintiff continues to experience knee problems, and his physical activities are limited. After his surgeries, plaintiff walked on crutches for weeks and testified to experiencing pain. "The sole measure of damages for pain and suffering is the enlightened conscience of fair and impartial jurors." *Stubbs v. Harmon*, 226 Ga. App. 631, 633 (1) (b) (487 SE2d 91) (1997). Given this evidence, we cannot say that the verdict was so excessive as to be against the preponderance of the evidence.

4. In their remaining enumerations of error, the defendants argue the court erred in refusing to give their Request to Charge Nos. 13, 25, and 28. We find these enumerations to be without merit. We have reviewed the record and find that the charge, taken as a whole, was fair and accurate. Further, we find no harm or prejudice to defendants in the court's refusal to give the requested charges. See

*Leigner v. State*, 213 Ga. App. 871, 872 (3) (446 SE2d 770) (1994).
*Judgment affirmed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 5, 1999 —
RECONSIDERATION DENIED FEBRUARY 24, 1999 —

*Hawkins & Parnell, William H. Major III, David H. Wilson*, for appellants.
*Harry B. James III*, for appellee.