A00A1416, A00A1417. JOHNSON v. DEPARTMENT OF
TRANSPORTATION (two cases).

(538 SE2d 879)

SMITH, Presiding Judge.

James Leon Johnson and James Roy Johnson, cousins, brought
these actions against the Georgia Department of Transportation and
Pierce County for personal injuries arising out of a one-car accident
on December 20, 1993.[1] After discovery, the DOT filed identical
motions for summary judgment in each case. The trial court, in a
well-written and thorough order, granted the DOT's motions, and the
Johnsons appeal. Because the trial court correctly pinpointed and
analyzed the fatal weakness in the Johnsons' case — failure of proof
of negligence and causation — we affirm.

Inexplicably, the Johnsons' brief addresses first and at some
length the issue of whether an expert witness affidavit was required
under OCGA § 9-11-9.1 (a), even though the trial court ruled in the
Johnsons' favor on this issue. But the Johnsons' argument, while
misdirected, inadvertently points to the dispositive issue in this case.
The problem is not that expert testimony is required by the malprac-
tice affidavit statute. Instead, the state of this record required expert
testimony to survive summary judgment because, as it stands, it is
devoid of any evidence of either causation or negligence.

In order to demonstrate negligence, the Johnsons were required
to show a breach of duty by the DOT. With respect to alleged defects
in maintenance of the roadway, they were required to present evi-
dence of the proper maintenance standard, the deviation from that
standard, and the causal connection between the deviation and the
collision. *Dept. of Transp. v. Mikell*, 229 Ga. App. 54, 59-60 (1) (c) (493
SE2d 219) (1997) (plaintiff alleging failure to trim bushes must show
"how high the bushes were, how high they were allowed to be, how
often they were supposed to be cut, or to what extent, if any, they
interfered with visibility at the intersection, and how the overgrowth
of bushes contributed to the incident").

In order for the Johnsons to show negligent maintenance by the
DOT, they could not testify merely that "ruts" and "water" were pres-
ent in the roadway. As the DOT observes in its brief, the combination
of asphalt surfacing, heavy trucks, and hot Georgia summers guar-
antees the presence of ruts to some degree on any roadway. Expert
testimony, or the proper presentation of engineering standards or
contractual requirements, was necessary to show both the criteria for
determining when ruts in asphalt pose a hazard to traffic sufficient

---

[1] The county later was dismissed from both suits without prejudice after it filed a
motion for summary judgment based on lack of ownership, sovereign immunity, and failure
to give ante litem notice.

to require repaving, and also that these particular ruts met those criteria. The Johnsons presented no testimony whatsoever of the DOT's standards or general engineering standards for inspecting and repairing ruts in pavement. They did not present any DOT records and did not depose any DOT official or supervisor regarding applicable inspection standards or procedures. Nor did they photograph the ruts or measure them so that the record would contain some evidence of the amount of deviation from any standard that exists.

Evidence of causation is also absent from the record. Neither of the Johnsons can recall anything about the incident. The record does not contain the testimony of the officer who investigated the incident or even a police report. The only other evidentiary items in the record are affidavits from the boys' fathers and from others who knew of other accidents in the same general location. One witness, in an unnotarized statement, offered only that he had hydroplaned on the same curve approximately *three years* after the Johnsons' incident.

None of these witnesses stated the necessary facts or had the required expertise to determine the manner in which the incident occurred, its cause, or whether that cause was attributable to a breach of duty on the part of the DOT. As the trial court observed:

> While there may be evidence showing that there were ruts in the roadway of State route 32, there is no evidence showing that the vehicle in fact hydroplaned, that it hydroplaned at the place in the road where these ruts were, or that, at the time the vehicle went out of control, there was water standing on the road in these ruts. Consequently, there is simply no evidence upon which a jury could draw an inference that the vehicle went out of control as a result of hydroplaning due to standing water at a point some distance from where the vehicle came to rest.

The only testimony regarding the incident itself is that several witnesses observed ruts and water, some time after the incident, near where the vehicle left the roadway. As the trial court also observed, "whether there were ruts in the road at the site where the vehicle left the road is not material. The material inquiry is whether there were ruts in the road at the point where the vehicle first went out of control." But no witness has ever established a precise location for any element of this incident or the position of the vehicle at any time, whether by photographs, diagrams, maps, measurements, or distance from mile markers. None of these appear anywhere in the record.[2]

---

[2] In fact, as the DOT points out, the Johnsons' complaint places the site of the incident

In the absence of any recollection by the driver or passenger, the testimony of an eyewitness to the incident, or testimony from a police officer or other person with expertise in accident reconstruction, the Johnsons presented no evidence on the critical issue of causation. The recent decision of *Mansfield v. Colwell Constr. Co.*, 242 Ga. App. 669 (530 SE2d 793) (2000), involved a similar situation. The plaintiffs' decedent was killed in a one-car accident when the van in which he was riding plunged off a 200-foot cliff. Plaintiffs contended that the defendant was negligent in maintaining the cliff on its property and speculated that the rear wheels of the van had slipped off the edge as the driver attempted to turn around in a narrow roadway. Id. at 670. The surviving driver had no memory of the incident or events leading up to it, and "[n]o accident reconstruction evidence or expert testimony was offered to prove the actual cause of the van's precipitous plunge off the bluff." Id. at 673. We held that "[m]ere speculation" as to what *might* have caused the incident was insufficient to show proximate cause or to withstand summary judgment. Id.

It is unfortunate for the Johnsons that their case as presented to the trial court does not include sufficient evidence to survive summary judgment. But the record contains no testimony from a DOT witness or other qualified expert regarding the appropriate standards for roadway maintenance; no expert testimony as to how and why the incident occurred; and not even the most elementary factual information such as a police report, diagram, or eyewitness testimony establishing the location of the incident or the manner in which it occurred. Under these circumstances, the trial court's grant of summary judgment to the DOT clearly was proper. No alternative was possible in the complete absence of the necessary elements of proof.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 8, 2000 

*Dillard, Bower & Crowley, Bryant H. Bower, Jr., E. Kontz Bennett, Jr.,* for appellants.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Casey, Gilson, Williams & Schingler, George P. Schingler, Mark A. Basurto,* for appellee.

at a completely different location approximately six miles away.