S01G1233. ONTARIO SEWING MACHINE COMPANY, LTD. et al. v. SMITH.
(572 SE2d 533)

SEARS, Presiding Justice.

We granted certiorari in this case to consider whether the opinion of the Court of Appeals constitutes an erroneous expansion of the law of this state regarding the existence and scope of the duties of manufacturers with respect to dangerous product defects.[1] For the reasons that follow, we conclude that the Court of Appeals decided issues concerning the duties of manufacturers that were unnecessary

---

[1] *Smith v. Ontario Sewing Machine Co.*, 249 Ga. App. 364 (548 SE2d 89) (2001).

to a resolution of the issue of proximate cause, which was the sole issue on which the trial court granted summary judgment to the manufacturers and thus was the decisive issue on appeal. As for proximate cause, the trial court granted summary judgment to the manufacturers on the ground that the actions of the plaintiff's employer were the sole proximate cause of the plaintiff's injuries. The Court of Appeals reversed the judgment of the trial court, ruling as a matter of law that the manufacturers' actions were a proximate cause of the plaintiff's injuries. We conclude that the issue of proximate cause is for the jury in this case, and that the Court of Appeals erred by ruling on it as a matter of law. However, because our ruling on proximate cause requires the reversal of the grant of summary judgment by the trial court and because the Court of Appeals's judgment reversed the trial court, although for what we conclude was an incorrect rationale, we affirm the judgment of the Court of Appeals with the direction that the case be remanded to the trial court for proceedings consistent with this opinion.

1. The appellee, Regina Smith, worked for Wilen Mop Manufacturing (Wilen), and operated a yarn cutter that was manufactured by the appellants, Ontario Sewing Machine Company and Texmatic Machinery (hereinafter collectively referred to as "Ontario").[2] On July 22, 1998, the blade of a first generation machine severely injured Smith's hand when it activated without warning. Before Smith was injured, Ontario sent Wilen a recall notice, stating that because two prior injuries had occurred from the use of the yarn cutter in question,[3] Ontario was recalling the machines. The notice stated that Wilen should stop using the machines; that Ontario would reimburse Wilen for the cost of the recalled machinery; that the offer to reimburse was good for a period of 90 days; and that Wilen could purchase a new and improved yarn cutter from Ontario, which was also a more expensive piece of equipment than the recalled machinery. Smith subsequently filed this product liability action against Ontario, and the trial court granted summary judgment to Ontario solely on the ground that Wilen's failure to stop using the defective machine after the voluntary recall by Ontario was the sole proximate cause of Smith's injury.

The Court of Appeals reversed, and concluded, with regard to the duties of manufacturers, that Ontario had a duty to warn the actual users of the yarn cutter, including Smith, of the danger of the yarn

---

[2] The facts of the case are adequately stated in the Court of Appeals's majority and concurring opinions and will not be reiterated here in full.

[3] At the time of the recall letter, Ontario had not discovered the defect that was causing the machine to injure workers.

cutter;[4] that Ontario had a duty to warn Wilen and Smith of the machine's specific defect and danger;[5] and that Ontario had the duty to recall and repair its defective machines.[6] As for proximate cause, which was the sole issue on which the trial court granted summary judgment, the majority opinion, in reversing the trial court, removed this issue from the jury and ruled, as a matter of law, both that Wilen's failure to comply with Ontario's voluntary recall was not the supervening proximate cause of Smith's injuries and that Wilen's and Ontario's actions were concurrent proximate causes of Smith's injuries.[7] In a special concurrence, Presiding Judge Andrews did not address the various manufacturers' duties discussed by the majority opinion, but instead simply stated that although the negligent failure of a business to cooperate with a reasonable recall may be the sole proximate cause of an injury, it was a jury question in the present case as to whether Wilen's refusal to stop using the machines and cooperate in the recall was the sole proximate cause of Smith's injury.

Ontario raises several issues on certiorari. One is that the majority opinion of the Court of Appeals unreasonably expanded Georgia law by placing a duty on it to warn Wilen's employees of the danger of the yarn cutter. Ontario contends, among other things, that this duty would be difficult or impossible to satisfy, in that it would be unlikely that Wilen would provide Ontario access to Wilen's employees for the purpose of warning them of the danger when Wilen would not do so itself. Ontario also contends that the Court of Appeals unreasonably expanded Georgia law by requiring Ontario to have warned Wilen of the exact nature of the defect of the yarn cutter. In this regard, Ontario contends that to require exact specificity in the warning will force manufacturers not to warn of a dangerous condition until they have run extensive tests to determine the exact cause of the danger. In addition, Ontario contends that the Court of Appeals improperly expanded Georgia law by stating that a manufacturer that learns that its products have been sold with a dangerous defect has a duty to recall and repair the defective product.

We conclude that it is unnecessary to resolve the issues that Ontario raises concerning the Court of Appeals's holdings regarding manufacturers' duties, as a resolution of those issues is unnecessary to a determination of the only issue on which the trial court granted summary judgment — whether Wilen's failure to cooperate with Ontario's voluntary recall of the machines was the supervening and sole proximate cause of Smith's injuries. Moreover, because the

---

[4] *Smith*, 249 Ga. App. at 369-370, 372-373.
[5] *Smith*, 249 Ga. App. at 368-369.
[6] Id. at 368, 372.
[7] Id. at 370-372.

Court of Appeals did not need to address these manufacturers' duties to resolve the issue of proximate cause, we disapprove of the Court of Appeals's resolution of them.

2. As for the proximate cause issue, we conclude that Judge Andrews, in his special concurrence, properly determined that the issue was one of fact for a jury. In reaching this conclusion, the special concurrence correctly noted two principles. The first is that the failure of a manufacturer's customer to comply with a reasonable recall program instituted by the manufacturer may constitute an intervening act sufficient to break any connection between a wrongful act by the manufacturer and the injured party and thus may be sufficient to become the sole proximate cause of the injuries in question.[8] The second is that for an intervening act of a third party to become the sole proximate cause of a plaintiff's injuries, the intervening act must not have been " 'foreseeable by defendant,' " must not have been " 'triggered by defendant's act,' " and must have been " 'sufficient [by] itself to cause the injury.' "[9] Stated somewhat differently,

> " 'the general rule is that if, subsequently to an original wrongful . . . act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act.' " *Williams v. Grier*, 196 Ga. 327, 336 (26 SE2d 698) (1943). "The rule that an intervening and independent [wrongful] act of a third person producing the injury, and without which it would not have occurred, should be treated as the proximate cause, insulating and excluding the negligence of the defendant, would not apply if the defendant 'had reasonable grounds for apprehending that [such wrongful act] would be committed.'

---

[8] See *Smith*, 249 Ga. App. at 377 (Andrews, P. J., concurring specially); Maleski, Ga. Products Liability (2nd ed. 1993), § 1-6. See also Restatement (Third) of Torts, Products Liability, § 11 (a) (2) and (b) (if manufacturer voluntarily recalls a product, it must act reasonably in doing so or face possible liability); *Blossman Gas Co. v. Williams*, 189 Ga. App. 195, 197 (375 SE2d 117) (1988) (once a defendant volunteers to participate in a recall, it must act reasonably in doing so).

[9] *Smith*, 249 Ga. App. at 377, quoting *Jones v. Central of Ga. R. Co.*, 192 Ga. App. 806, 807 (386 SE2d 386) (1989). Accord Maleski at § 1-6.

[Cit.]" *Milton Bradley Co. of Ga. v. Cooper*, 79 Ga. App. 302, 307 (53 SE2d 761) (1949). Applying this standard to the requested instruction in the instant case, it is seen that the request did not include a statement that in order for the intervening act to constitute the proximate cause of the injury so as to relieve Firestone from liability for the defective manufacture of the tire the intervening act of the third party must have been one that Firestone had no duty to anticipate.[10]

Moreover, it is axiomatic that questions regarding proximate cause are "undeniably a jury question" and may only be determined by the courts "in plain and undisputed cases."[11]

In the present case, we conclude that it is not plain and undisputed that Ontario is or is not the proximate cause of Smith's injuries. Rather, we conclude that jury questions are presented regarding the reasonableness of the recall and the foreseeability of whether Wilen would comply with it. As stated by Presiding Judge Andrews in his special concurrence:

Ontario's recall offered to reimburse Wilen for the actual cost of the machine if accepted within 90 days. Whether this was reasonable in light of the time constraint and the total costs the recall would have imposed on Wilen and whether Wilen's refusal to comply with the terms of the recall was foreseeable by [Ontario] are factual issues in this case. Accordingly, it is for the jury to decide whether the proximate cause of Smith's injury was solely acts of [Ontario], or solely acts of Wilen, or a combination of those acts.[12]

For the foregoing reasons, we conclude that the issue of proximate cause is a jury question in this case. This ruling requires the reversal of the trial court's grant of summary judgment to the manufacturers on the issue. Because the Court of Appeals reversed the trial court's judgment, although it went too far in doing so, we affirm the judgment of the Court of Appeals with the direction that the case be remanded to the trial court for proceedings consistent with this opinion.

*Judgment affirmed with direction. All the Justices concur.*

---

[10] *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 347-348 (270 SE2d 883) (1980).

[11] *Atlanta Obstetrics & Gynecology Group v. Coleman*, 260 Ga. 569, 570 (398 SE2d 16) (1990), quoting *McAuley v. Wills*, 251 Ga. 3, 7 (303 SE2d 258) (1983) (Weltner, J., dissenting).

[12] *Smith*, 249 Ga. App. at 377.

DECIDED NOVEMBER 12, 2002.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Earl W. Gunn, Ashley P. Nichols, Claire C. Dorchak, Nancy G. Cook*, for appellants.

*Daniel MacDougald III*, for appellee.

*King & Spalding, Chilton D. Varner, Carmen R. Toledo, Robert B. Friedman, Brown & Shamp, Robert H. Brown III*, amici curiae.