A03A1790. DENSON HEATING & AIR CONDITIONING COMPANY, INC. v. OGLESBY et al.

(596 SE2d 685)

MILLER, Judge.

Frank and Judy Oglesby sued Lennox Industries, Inc. (Lennox) and Denson Heating & Air Conditioning Company, Inc. (Denson) in Fulton County State Court for damages from a fire caused by the exploding of a furnace manufactured by Lennox, and installed and maintained by Denson. Both defendants moved for summary judgment, but the court granted Lennox's motion only. Venue was subsequently transferred to Pickens County, where Denson once again moved for summary judgment. The trial court denied Denson's motion, and this Court granted Denson's application for interlocutory review. We reverse.

To prevail at summary judgment under OCGA § 9-11-56 (c), a moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). The moving party may discharge its burden by pointing out by reference to affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. Id. When reviewing the denial of a motion for summary judgment, this Court conducts a de novo review of the evidence. *Maddox v. Southern Engineering Co.,* 231 Ga. App. 802, 803 (500 SE2d 591) (1998).

Viewed in the light most favorable to the Oglesbys, the evidence showed that the Oglesbys purchased a furnace from Denson in December 1998. On January 5, 1999, Frank Oglesby requested service from Denson because the furnace was inoperable. The Denson serviceman determined that the fuel line was clogged, which was fouling the nozzle. He replaced the nozzle and attempted to relight the furnace. The first two attempts to light the furnace produced

"flashbacks" caused by accumulated fuel. The furnace was successfully ignited on the third attempt and operated normally up until January 21, 1999, when it exploded and caused a fire, destroying the Oglesbys' garage.

The Oglesbys' expert deposed that the explosion could have been caused by (1) a clogged nozzle, (2) defective or improperly installed connections between the fuel line and the nozzle, (3) a malfunctioning fuel pump, or (4) a malfunctioning ignition system; however, he could not find any evidence that any of these things actually occurred. Although the expert opined that the fire started in the furnace, he was unable to determine the actual cause of the explosion and fire due to the severity of the damage.

Denson argues that there was no evidence that it acted negligently or caused the explosion and fire, and points to the Oglesbys' own expert who deposed that he could not determine the cause of the explosion and fire. The Oglesbys argue that the expert's testimony of four possible causes of the explosion, and the evidence of "flashbacks" during the repair by Denson, created a genuine issue of material fact as to causation.

This Court has held that

> [o]n the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.

(Citations and punctuation omitted.) *Avery v. Cleveland Avenue Motel*, 239 Ga. App. 644, 645 (1) (521 SE2d 668) (1999). Here, there is no evidence that the explosion and resulting fire were caused by any negligence on the part of Denson in the installation and service of the furnace. The expert could only speculate as to the origin of the explosion and fire and could not testify as to an actual cause. Although an opposing party is entitled to the benefit of reasonable inferences, an inference cannot be based on mere conjecture or probability, or on evidence that is too uncertain or speculative. *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 683 (3) (a) (498 SE2d 748) (1998).

As Denson has shown by the record that there is no evidence to create a jury issue on the element of causation, and the Oglesbys have

failed to point to specific evidence giving rise to a triable issue, Denson was entitled to summary judgment. We therefore reverse the trial court's denial of Denson's motion for summary judgment.

*Judgment reversed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 8, 2004.

*Savell & Williams, William E. Turnipseed, Cannon C. Alsobrook,* for appellant.

*Edwin Marger, Diane M. Moore,* for appellees.