S05G1058. LAYFIELD v. DEPARTMENT OF TRANSPORTATION
et al.
(632 SE2d 135)

CARLEY, Justice.

Carol Layfield, as guardian for her son Michael, brought suit against the Department of Transportation (DOT) and Everett Dykes Grassing Company (Dykes). She alleged negligence in the construction and resurfacing of a road where Michael Layfield lost control of a vehicle in a rainstorm and crashed into a tree. After discovery, DOT and Dykes moved for summary judgment. In opposition, Ms.

Layfield presented the testimony of an expert who opined that . . . DOT had not originally constructed the road to

proper sloping specifications in 1949 and that Dykes's recent microsurfacing of the road in June 2001 contained irregularities that exacerbated the water accumulation problem. The expert further opined that Michael's loss of control of his vehicle was caused by encountering the accumulated water on the road.

*Layfield v. Dept. of Transp.*, 271 Ga. App. 806, 807 (611 SE2d 56) (2005).

The trial court concluded that the expert's conclusions were speculative, and granted summary judgment in favor of DOT and Dykes. On appeal, a divided Court of Appeals affirmed, with the majority holding that,

> [b]ecause of the speculative basis of the expert's conclusions, the trial court [properly] granted summary judgment . . . on the ground that no competent evidence showed a causal link between Michael's losing control of his vehicle and the presence of the accumulated water on the roadway.

*Layfield v. Dept. of Transp.*, supra at 808. Ms. Layfield applied for certiorari, which we granted in order to determine whether the Court of Appeals correctly held that the opinion of her expert as to causation was speculative and insufficient to withstand the motion for summary judgment.

> 1. [W]hether proximate cause exists in a given case is a mixed question of law and fact. It requires both factfinding in the "what happened" sense, and an evaluation of whether the facts measure up to the legal standard set by precedent. Ordinarily, both determinations are most appropriately made by a jury upon appropriate instructions from the judge. [Cit.]

*Atlanta Ob. & Gyn. Group v. Coleman*, 260 Ga. 569, 570 (398 SE2d 16) (1990). Thus, "it is axiomatic that questions regarding proximate cause are 'undeniably a jury question' and may only be determined by the courts 'in plain and undisputed cases.' [Cit.]" *Ontario Sewing Machine Co. v. Smith*, 275 Ga. 683, 687 (2) (572 SE2d 533) (2002). In Georgia, properly qualified expert witnesses "may render an opinion on any matter within their realm of expertise, so long as it is based upon conclusions drawn by the expert that the jury could not ordinarily determine for themselves. [Cits.]" *Johnson v. Knebel*, 267 Ga. 853, 855 (1) (485 SE2d 451) (1997). The issue raised in this case does not relate to the expertise of Ms. Layfield's expert witness or to the admissibility, under the circumstances, of an expert opinion on

what caused the crash of Mr. Layfield's vehicle. The sole question presented for resolution is whether the opinion that Ms. Layfield's expert did express on causation was speculative, such that it is "plain and undisputed" that a jury would not be authorized to find that the alleged negligence of DOT and Dykes was the proximate cause of the crash.

The Court of Appeals cited *Bankers Health & Life Ins. Co. v. Fryhofer*, 114 Ga. App. 107, 111 (1) (150 SE2d 365) (1966) as authority for rejecting the expert's testimony on causation as speculative. The applicable holding in that case is that,

> [w]hile it is true that an expert may give his opinion without stating the facts upon which it is based, yet when the basis of his opinion is given and it appears that it is *wholly speculative or conjectural*, it must follow that his opinion is without foundation and has no probative value. Speculation and conjecture by an expert is still speculation and conjecture, and will not support a verdict. (Emphasis supplied.)

*Bankers Health & Life Ins. Co. v. Fryhofer*, supra. Thus, the appropriate standard for assessing the admissibility of the opinion of Ms. Layfield's expert is not whether it is speculative or conjectural to some degree, but whether it is wholly so. "[A]n expert is not required to prove within a reasonable degree of scientific certainty his opinion of how an accident occurred." *J. B. Hunt Transport v. Brown*, 236 Ga. App. 634, 635 (1) (a) (512 SE2d 34) (1999). Moreover,

> [t]his case involves summary judgment, and the non-movant is not required to produce evidence demanding judgment for that party, but only to present evidence which raises a material issue of fact. While the evidence adduced by [Ms. Layfield] in this case might not have been sufficient to persuade a jury that [the cause of the crash was the negligence of DOT and Dykes], that is not the standard to be applied. " 'Where the evidence on motion for summary judgment is ambiguous or doubtful, the party opposing the motion must be given the benefit of all reasonable doubts and of all favorable inferences and such evidence construed most favorably to the party opposing the motion.' (Cit.)" [Cit.] Furthermore, while a movant's evidence is to be carefully scrutinized, a respondent's evidence is to be treated with indulgence. [Cit.]

*Northside Equities v. Hulsey*, 275 Ga. 364, 365 (567 SE2d 4) (2002) (dealing, in part, with probity of expert testimony regarding the

effects of intoxication). Thus, it has long been recognized that "opinion evidence adduced by the respondent is sufficient to preclude the grant of summary judgment ([cit.]). . . ." *Harrison v. Tuggle*, 225 Ga. 211, 213 (2) (167 SE2d 395) (1969).

Here, the expert's actual opinion on the cause of the crash was not speculative or conjectural. As recounted by the Court of Appeals, he stated that "loss of control of [the] vehicle was caused by encountering the accumulated water on the road." *Layfield v. Dept. of Transp.*, supra at 807. Compare *Hobday v. Galardi*, 266 Ga. App. 780, 783 (598 SE2d 350) (2004) (where the "expert admitted that he did not know what had hit [plaintiff's] eye or whether ricochet actually had occurred in this case"); *Denson Heating & Air Conditioning Co. v. Oglesby*, 266 Ga. App. 147, 148 (596 SE2d 685) (2004) (where "[t]he expert could only speculate as to the origin of the explosion and fire and could not testify as to an actual cause"); *Drawdy v. Dept. of Transp.*, 228 Ga. App. 338, 341 (491 SE2d 521) (1997) (where issue was existence of a defect in roadway, not causation, and expert "testified that, in his opinion, the question as to what the construction defect was and how it occurred would best be answered by a road designer").

The conclusion of the Court of Appeals that the causation testimony was speculative appears to be premised upon a determination that, considering the limited scope of the inquiry undertaken by the expert, he lacked sufficient information from which to reach a probative opinion. *Layfield v. Dept. of Transp.*, supra at 808-809. However, "[i]f the . . . expert's 'opinion was based upon inadequate knowledge, this "does not mandate the exclusion of the opinion but, rather, presents a jury question as to the weight which should be assigned the opinion." ' [Cit.]" *Butgereit v. Enviro-Tech Environmental Services*, 262 Ga. App. 754, 759 (4) (586 SE2d 430) (2003). " 'If it be developed . . . that the opinion is based on inadequate knowledge, this goes to the credibility of the witness rather than to the admissibility of the evidence.' " *Jones v. Ray*, 159 Ga. App. 734, 736 (4) (285 SE2d 42) (1981). "The weight given to expert testimony in [negligence] cases is for the trier of fact who [can, but] is not required to give it controlling influence." *Self v. Exec. Committee of the Ga. Baptist Convention*, 245 Ga. 548, 549 (266 SE2d 168) (1980).

The Court of Appeals also noted that "[t]he present case closely approximates the facts and circumstances set forth in *Johnson v. Dept. of Transp.*, [245 Ga. App. 839 (538 SE2d 879) (2000)], in which [that Court] affirmed summary judgment in favor of . . . DOT." *Layfield v. Dept. of Transp.*, supra at 810. However, the only evidence as to causation in *Johnson* was the testimony of lay witnesses, "[n]one of [whom] stated the necessary facts or had the required expertise to determine the manner in which the incident occurred, its cause, or

whether that cause was attributable to a breach of duty on the part of . . . DOT." *Johnson v. Dept. of Transp.*, supra at 840. Thus, summary judgment was proper there because "the record contain[ed] . . . no expert testimony as to how and why the incident occurred . . . ." *Johnson v. Dept. of Transp.*, supra at 841. In contrast, the record in this case does contain the opinion of an expert as to how and why the crash occurred. In affirming the trial court's grant of summary judgment, the Court of Appeals did not discount that opinion based upon the witness' lack of expertise, but upon the basis that the opinion itself was speculative. That determination was erroneous, because the credibility of the expert and the weight to be given to his opinion were matters to be addressed by the jury.

2. It is urged that summary judgment was proper because Ms. Layfield's expert was not qualified to express the opinion that "DOT had not originally constructed the road to proper sloping specifications in 1949 and that Dykes's recent microsurfacing of the road in June 2001 contained irregularities that exacerbated the water accumulation problem." *Layfield v. Dept. of Transp.*, supra at 807. However, the Court of Appeals did not base its ruling on the qualification of the expert to express an opinion as to existence of a defect in the roadway attributable to the work performed by DOT and Dykes. Compare *Drawdy v. Dept. of Transp.*, supra. Whether, as a consequence of DOT's and Dykes' negligence, a defect existed that caused an accumulation of water is an entirely different issue from whether the accumulation of water on the roadway was the proximate cause of the crash. Regardless of whether DOT's alleged use of improper sloping specifications and Dykes' alleged negligence in microsurfacing the roadway were factors in the accumulation of water, neither could be found liable unless the crash was caused by that defect.

Affirmance of the trial court's grant of summary judgment was predicated solely on the speculative nature of the expert's opinion as to whether the crash was caused by an accumulation of water on the roadway. Compare *Drawdy v. Dept. of Transp.*, supra. For the reasons discussed in Division 1, summary judgment on that ground was not authorized. Accordingly, the judgment is reversed and the .case is remanded to the Court of Appeals for further proceedings not inconsistent with this opinion, including consideration of any alternative grounds set forth by the trial court for granting the motion.

*Judgment reversed and case remanded with direction. All the Justices concur, except Sears, C. J., Hines and Melton, JJ., who dissent.*

SEARS, Chief Justice, dissenting.

Under the majority opinion, summary judgment will never be appropriate so long as a party can find an expert to make a statement

supporting that party's case, even if that statement is nothing more than an unsupported conclusion. Because Layfield failed to put forth any evidence supporting her claim that the accident was caused by the defective condition of the road, other than the purely speculative and conclusory statement of an expert, the Court of Appeals correctly affirmed the trial court's grant of summary judgment to the defendants in this case. Accordingly, I dissent.

As the Court of Appeals accurately stated:

The plaintiff has the burden of proof on [the essential element of causation], and when challenged on summary judgment, the plaintiff must point to specific evidence giving rise to a reasonable conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant."[1]

Through her expert, the plaintiff put forth evidence that because of an improper design, water could accumulate on a certain part of the road in question during periods of rain. The expert then stated that, in his opinion, the " 'loss of control of (the) vehicle was caused by encountering the accumulated water on the road.' "[2] That opinion, however, was based on nothing more than speculation and conjecture, and thus contained no probative value sufficient to create a question of fact to survive summary judgment.[3] "[W]here the only evidence of the cause of an accident is expert testimony based on conjecture and speculation, summary judgment in favor of the defendant is mandated."[4]

The expert did not conduct an accident reconstruction to make any determination as to how the crash occurred in this case. He did not use the evidence at the scene to determine the path or trajectory of the accident. He did not investigate the accident to determine the speed Michael Layfield may have been driving, the amount of water

---

[1] *Layfield v. Dept. of Transp.*, 271 Ga. App. 806, 808 (611 SE2d 56) (2005), quoting *Head v. Sears Roebuck & Co.*, 233 Ga. App. 344, 345 (503 SE2d 354) (1998).

[2] Majority opinion, p. 851.

[3] *Bankers Health & Life Ins. Co. v. Fryhofer*, 114 Ga. App. 107, 111 (150 SE2d 365) (1966) (if the basis for an expert's opinion is "wholly speculative or conjectural, it must follow that his opinion is without foundation and has no probative value.").

[4] *Layfield*, 271 Ga. App. at 809; see also *Drawdy v. Dept. of Transp.*, 228 Ga. App. 338, 341 (491 SE2d 521) (1997) (summary judgment proper where expert witness's opinion that water caused plaintiff's vehicle to hydroplane was based on pure speculation).

that may have accumulated on the road, or the effect of Michael's bald tires. The expert admitted that he did not determine where Michael lost control of his car within a 300-foot stretch of road. Thus, the expert offered nothing to connect the accident to the part of the road that he believed to be defective, and certainly nothing to support his bald conclusion that the accident must have been caused by the road defect.

The majority does not provide any basis for the expert's causation statement, as the expert himself offered none. The expert merely opined that because water may have accumulated on the road, that water must have caused the accident. As the Court of Appeals noted, that statement is "nothing more than an impermissible 'res ispa loquitor' approach: a short circuited analysis requiring quantum leaps of faith and logic and smacking of rank speculation."[5] "The mere fact that an accident happened and a plaintiff was injured affords no basis for recovery unless the plaintiff carries her burden of proof and shows that the accident was caused by specific acts of negligence of the defendant."[6]

Evidence supporting the existence of a defect near the accident site is not evidence that the defect caused the accident. " '[W]hether there were [defects] in the road at the site where the vehicle left the road is not material. The material inquiry is whether there were [defects] in the road at the point where the vehicle first went out of control.' "[7] The plaintiff never offered any evidence connecting the alleged defects in the road to Michael's accident.

As in *Johnson*, no expert in this case "stated the necessary facts or had the required expertise to determine the manner in which the incident occurred, its cause, or whether that cause was attributable to a breach of duty on the part of the DOT."[8] Even under the lenient standard necessary to survive summary judgment, the plaintiff simply failed to meet her burden of showing any causal connection between the defect and the accident in this case.

It is not sufficient to meet the burden on summary judgment merely for an expert to state a conclusion without any basis. The plaintiff in this case established the existence of a defect in the road sufficient to survive summary judgment, but failed to establish by

---

[5] *Layfield*, 271 Ga. App. at 809.

[6] *Berry v. Hamilton*, 246 Ga. App. 608, 609 (541 SE2d 428) (2000).

[7] *Johnson v. Dept. of Transp.*, 245 Ga. App. 839, 840 (538 SE2d 879) (2000); see also *Wright Contracting Co. v. Davis*, 90 Ga. App. 585 (83 SE2d 567) (1954) (existence of a defect is not sufficient – plaintiff must also show that defect caused the accident).

[8] 245 Ga. App. at 840.

any probative evidence that the defect was the proximate cause of the injury. Accordingly, summary judgment for the defendants was appropriate.

I am authorized to state that Justice Hines and Justice Melton join in this dissent.

DECIDED JULY 6, 2006 —
RECONSIDERATION DENIED JULY 28, 2006.

*Vansant & Corriere, Alfred N. Corriere*, for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Reagan W. Dean, Claude M. Sitton, Assistant Attorneys General, Finley & Buckley, Timothy J. Buckley III, Kelly R. Castellow*, for appellees.