McFadden, Presiding Judge, dissenting.
In vacating the trial court's judgment, the majority concludes that the trial court erred by failing to perform his gatekeeping duties under OCGA § 24-7-702 ("Rule 702"). But the record does not affirmatively show this failure, so I respectfully dissent. Instead of vacating the judgment and remanding the case to the trial court, I would reach the merits of the appeal and, as detailed below, reverse the grant of summary judgment on the claims requiring proof that the exacerbation of Mrs. Kershaw's medical condition was caused by the presence of mold or dust in the apartment.
1. Rule 702 ruling.
As the majority notes, the trial court was required to decide whether Dr. Vosudeh Pai's opinion testimony was admissible under Rule 702 before deciding whether that testimony was evidence of medical causation sufficient to preclude summary judgment. See generally Williams v. Mast Biosurgery USA , 644 F.3d 1312, 1317-1318 (II) (A) (11th Cir. 2011) ("when a treating physician's testimony is based on a hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony, and it must comply with the requirements of Rule 702 and the strictures of Daubert "). The majority opinion rests on a determination that the trial court did not fulfill this requirement, and therefore erred. But the record does not support this determination.
A "trial court is presumed to know the law and presumed to faithfully and lawfully perform his or her duties. We will not presume the trial court committed error where that fact does not affirmatively appear in the record." Johnson v. Equicredit Corp. , 238 Ga.App. 380 (1), 517 S.E.2d 353 (1999) (citations omitted). This rule applies to the question of whether a trial court performed its role as gatekeeper over the admission of expert testimony. See Lavelle v. Laboratory Corp. of America , 327 Ga.App. 142, 147 (2), 755 S.E.2d 595 (2014).
In this case, "[t]here is nothing in the record establishing a failure of the trial court to consider the [admissibility of Dr. Pai's testimony on medical causation], and under the principle that a trial court will be presumed to have performed [his] duty we [should] not assume the trial court here failed to do so." Byelick v. Michel Herbelin USA , 275 Ga. 505, 507 (3), 570 S.E.2d 307 (2002) (citations omitted). While the trial court did not expressly rule on the defendants' motion to exclude Dr. Pai's opinion testimony, we may infer from the record as a whole that the trial court considered the admissibility of the testimony in the course of ruling on the summary judgment motion. Throughout the course of the litigation below, the defendants argued to the trial court that he would have to act as a gatekeeper in connection with the medical causation evidence. The defendants argued this point first in their motion to dismiss the action, which the trial court denied. They then argued the point in their motion to exclude Dr. Pai's testimony, and they reiterated the argument in support of their motion for summary judgment. As the defendants made clear in their brief supporting their summary judgment motion, the trial court would not need to reach their argument that Dr. Pai's opinion failed to establish causation if the trial court determined that the opinion was inadmissible under Rule 702. The fact that the trial court did reach this causation argument indicates that the trial court considered, and rejected, the defendants' assertion that Daubert required the exclusion of Dr. Pai's testimony regarding a causal link between exposure to mold and the exacerbation of a respiratory condition. This would not be a remarkable conclusion on the part of the trial court. Daubert 's role is to "ensur[e] that the courtroom door remains closed to junk science[; it] is not served by excluding testimony ... that is supported by extensive relevant experience, and ... exclusion is rarely justified in cases involving medical experts." Cartledge v. Montano , 325 Ga.App. 322, 328 (1), 750 S.E.2d 772 (2013) (citation and punctuation omitted).
Simply put, nothing in the trial court's summary judgment order is inconsistent with the presumption that the trial court performed his duties under Rule 702 before considering whether Dr. Pai's opinion created *674 a genuine issue of material fact. Compare Lavelle , 327 Ga.App. at 145-147 (2), 755 S.E.2d 595 (record did not adequately demonstrate that trial court performed role as gatekeeper where language of trial court's written order suggested that trial court overlooked some bases for witness's expert opinion testimony in conducting Daubert ). So I believe we may-and should-reach the question of whether the trial court erred in granting the defendants' motion for summary judgment.
2. Summary judgment.
Delores Kershaw does not contend that the mold and dust in the subject apartment caused her medical condition. She was diagnosed before she moved in. She contends, and elicited expert testimony showing, "with a reasonable degree of medical probability," that the mold and dust "made a meaningful contribution to her exacerbation." That is sufficient.
"It is well established that recovery may be had for aggravation of a pre-existing condition or disease." Binns v. MARTA , 168 Ga.App. 261, 264 (3), 308 S.E.2d 674 (1983) (citation omitted); see also Scapa Dryer Fabrics, Inc. v. Knight , 299 Ga. 286, 788 S.E.2d 421 (2016). Dr. Pai's expert testimony created a genuine issue of material fact as to whether Mrs. Kershaw's exposure to mold aggravated her condition. His testimony followed the roadmap provided by this court in Allstate Ins. Co. v. Sutton , 290 Ga.App. 154, 658 S.E.2d 909 (2008), and by our Supreme Court in Scapa Dryer Fabrics, Inc. v. Knight , supra. So the Kershaws are entitled to survive summary judgment on their claims requiring proof that the exacerbation of Mrs. Kershaw's condition was caused by the presence of mold or dust in the apartment.[1]
Under Allstate "we have required expert medical testimony, 'based at least on reasonable probability,' to establish a causal link between exposure to a substance and a medical condition." 290 Ga.App. at 160 (3) (b), 658 S.E.2d 909 (citation omitted). Under Scapa that evidence is required to show that the exposure "made a meaningful contribution" to the exacerbation of the condition. 299 Ga. at 291, 788 S.E.2d 421 (emphasis omitted). Accordingly, the Kershaw's expert, Dr. Pai, opined with a reasonable degree of medical probability that Mrs. Kershaw's exposure to mold or dust in her apartment meaningfully contributed to the exacerbation of that medical condition. His opinion therefore established the required "causal link between exposure to a substance and a medical condition." Allstate , supra (citation omitted).
At issue before us is the basis for Dr. Pai's opinion. In the summary judgment order the trial court held that Dr. Pai's opinion was not evidence of the necessary causal link because it was "speculative [and] unsupported by his clinical observations." These criticisms go to the weight and credibility of Dr. Pai's testimony and should be addressed by the factfinder. See Cartledge v. Montano , 325 Ga.App. 322, 328 (1), 750 S.E.2d 772 (2013)[2] ("the credibility of the expert and the weight to be given to his opinion [are] matters to be addressed by the jury") (citations and punctuation omitted). Our Supreme Court corrected a similar error in Layfield v. Dept. of Transp. , 280 Ga. 848, 632 S.E.2d 135 (2006). Reversing a ruling by this court that a defendant was entitled to summary judgment because the plaintiff's expert witness lacked sufficient information to reach a probative opinion, the Court held in Layfield that, even if an
expert's opinion was based upon inadequate knowledge, this does not mandate the exclusion of the opinion but, rather, presents a jury question as to the weight which should be assigned the opinion. If it be developed that the opinion is based on inadequate knowledge, this goes to the credibility of the witness rather than to the admissibility of the evidence. The weight given to expert testimony in negligence cases is for the trier of fact who can, but is not required to give it controlling influence.
*675 Id. at 851 (1), 632 S.E.2d 135 (citations and punctuation omitted). Unless an expert's opinion is wholly speculative, "[a]ny objection to the speculation of [that] opinion goes to the testimony's weight, not its admissibility." DeGolyer v. Green Tree Servicing, LLC , 291 Ga.App. 444, 451 (5), 662 S.E.2d 141 (2008) (citation omitted). Accord Layfield , supra.
Dr. Pai's opinion was not wholly speculative. As Mrs. Kershaw's treating physician he was personally familiar with her medical history and condition and he received information from her regarding her exposure to mold in her apartment. And he was permitted to give an expert opinion based on Mrs. Kershaw's report that there was mold in her apartment, even though this fact was not in his personal knowledge. See Leonard v. State , 269 Ga. 867, 870 (3), 506 S.E.2d 853 (1998) (expert may give opinion based on his own examination or observation or "upon any state of facts, supported by some evidence in the case, which he assumes as true") (citation, punctuation, and emphasis omitted). "[W]here evidence in the case allows a reasonable inference to be drawn by the expert witness, the expert may render an opinion for the jury to weigh." Cartledge , 325 Ga.App. at 327-328 (1), 750 S.E.2d 772 (citation and punctuation omitted).
Dr. Pai opined that, to a reasonable degree of medical probability, Mrs. Kershaw's exposure to mold or dust meaningfully contributed to the exacerbation of her condition. His opinion satisfied the requirements of Scapa , supra, and Allstate , supra. At this stage of the proceedings Dr. Pai's testimony must be "treated with indulgence," even if it ultimately does not persuade a jury. Layfield , 280 Ga. at 850 (1), 632 S.E.2d 135. Given that testimony, we should reverse the grant of summary judgment on the claims that mold or dust in the apartment exacerbated Mrs. Kershaw's medical condition.

I find no error with the grant of summary judgment to the defendants on the claims for property damage and for breach of the covenant of quiet enjoyment.

See generally Evans v. Dept. of Transp. , 331 Ga.App. 313, 318 (2) n. 2, 771 S.E.2d 20 (2015) (cases decided under former Evidence Code remain useful to analysis of expert testimony and speculation).